IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-02068-WDM-MJW

JOSEPH D. FABJANCIC,

    Plaintiff,

v.

UNION CENTRAL LIFE INSURANCE CO.,

    Defendant.

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Miller, J.

This matter is before me on cross-motions for summary judgment, filed by Plaintiff Joseph D. Fabjancic (Fabjancic) and defendant Union Central Life Insurance Company (Union Central) on April 15, 2005. I have reviewed the parties' written arguments and their summary judgment evidence and find that oral argument is not required. For the reasons that follow, Union Central's motion for summary judgment will be granted, and Fabjancic's will be denied.

Background

Union Central provides group disability insurance for employees of Union Pacific Railroad Company (Union Pacific). In 1997, Fabjancic was injured while working for Union Pacific. As a result, Union Central paid $24,237.72 in benefits to Fabjancic between November 1997 and April 2003. Fabjancic also sued Union Pacific because of his injuries, and in 2004, Union Pacific agreed to pay him $145,000 to settle that

lawsuit.

That settlement gave rise to this lawsuit. Upon settlement, it was clear that under the terms of Fabjancic's insurance contract[1] with Union Central, Fabjancic would be required to reimburse Union Central for at least some of the benefits the company had paid him. However, the parties could not agree on whether Fabjancic was allowed to withhold the costs of recovery (attorney's fees), or whether he had to reimburse Union Central for the full amount of the insurance benefits he had received. Therefore, Union Pacific initiated this interpleader action and deposited the disputed portion of the settlement in state court.[2] Following removal to this court, both Union Central and Fabjancic now claim they are entitled to this money.

## Discussion

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Such is the case here, where both parties agree on all of the material facts, but offer competing interpretations of a single contract clause.

Specifically, the parties disagree about the meaning of the phrase "This provision will apply except where prohibited by law" as used in the contract. (Group Insurance Policy, Ex. A-2 to Def.'s motion, Docket No. 15, at 5.) This phrase appears

---

[1] Actually, Fabjancic was covered and received benefits under two separate contracts — one with Union Pacific and one with its predecessor, Southern Pacific. However, the two contracts are materially the same for our purposes, and for convenience I will speak in terms of just one contract.

[2] The disputed sum totals $8,079.24, which represents 33 1/3% of the total benefits that Fabjancic received from Union Central ($24,237.72).

in the contract at the beginning of the subrogation section, which the parties agree requires at least some reimbursement from Fabjancic.

According to Fabjancic, this sentence opens the door for the application of Colorado's "common fund" doctrine, which would require Union Central to pay their share of Fabjancic's attorney's fees. Had this sentence been left out of the contract altogether, Fabjancic does not dispute that Colorado's common fund doctrine would be preempted by the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. § 1001 *et. seq.* (2006). Nonetheless, Fabjancic argues that "except where prohibited by law" refers to any law, state or federal, and that certain terms under the subrogation section do not apply because they are prohibited by Colorado law.

I find such an interpretation unreasonable and contrary to the plain meaning of the contract. Where, as here, a state law is preempted by federal law on a matter, the state law no longer has any binding force on that matter. Therefore, to the extent it is preempted, Colorado law cannot "prohibit" anything in this contract.[3] Thus, the subrogation terms of the contract are fully enforceable and Fabjancic must reimburse Union Central for all of the benefits he received.

---

[3] I note that my decision is consistent with, if not controlled by *Alessi v. Raybestos-Manhattan, Inc.* 451 U.S. 504 (1981). One of the benefits plans involved in that case provided that retirement benefits would be reduced by the amount of worker's compensation benefits received after retirement, "unless prohibited by law." *Id.* at 507 & n.1. In the lower court proceedings, the district court found that these offset provisions violated both federal and state law, *id.* at 508, and therefore enjoined their enforcement. *Buczynski v. Gen. Motors Corp.*, 616 F.2d 1238, 1251 (3d Cir. 1980). On appeal, the United States Court of Appeals for the Third Circuit vacated this injunction, holding that the offsets were valid under federal law (ERISA) and that ERISA preempted the state law. *Id.* at 1250-51. Later, the Supreme Court affirmed the Third Circuit in *Alessi.* 451 U.S. 504.

Accordingly, it is ordered:

1. Defendant Union Central Life Insurance Company's motion for summary judgment, filed April 15, 2005 (Docket No. 15), is granted.

2. Plaintiff Joseph D. Fabjancic's motion for summary judgment, filed April 15, 2005 (Docket No. 16), is denied.

3. The parties shall cause the $8079.24 originally deposited with the District Court, Denver County, Colorado, plus any accrued interest but less any registry assessment fee, to be paid to defendant Union Central Insurance Company.

DATED at Denver, Colorado, on August 17, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge